McAdam, J.
The complaint was dismissed after a trial of the issues before a jury, and the appropriate method of reviewing errors committed on the trial is by appeal from the judgment entered on the dismissal. The alleged errors not appearing upon the record, a case should have been made and settled according to prescribed practice, that the general term might be properly informed of all that occurred upon the trial—what proofs were received and rejected thereat, what rulings were made, and what exceptions were taken. Code, § 997. The matters urged against the non-suit cannot be presented upon mere motion at special term to set aside the direction, as was done here. True, § 998 of the Code provides that it is not necessary to make a case for the .purpose of moving for a new trial “ upon an allegation of irregularity.” But the real ground upon which we are called to review the action of the trial judge is not for an irregularity in practice, within the proper meaning of the term,, but substantial error committed at the trial, which must appear in and by a case settled by the trial judge.
The plaintiff claims that the trial judge dismissed the plaintiff’s complaint before he had concluded his proof. If it was apparent to the trial judge that under no phase of the case could a recovery be had under the pleadings, he had the right of his own motion to so dismiss the complaint, and such a dismissal does not constitute an irregularity If it was not such a case, the fact should be made to appear, not' by affidavits upon mere motion, but on appeal in the manner prescribed by § 997 of the Code. If a trial judge finally disposes of a cause pending before him, by directing the only result that could properly be reached, it is of no consequence whether the disposition made was .of his own motion or at the request of counsel. For failure to observe the practice laid down, the appeal must be dismissed, with costs, but without prejudice to the plaintiff’s rights to review the action of the trial court upon compliance with prescribed practice.
Gtldersleeve, J., concurs.